RAMIRO MORALES, SBN 167947
rmorales@mfrlegal.com
HENRY SU, SBN 171853
hsu@mfrlegal.com
MORALES FIERRO & REEVES
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, CA  94523
Telephone:  (925) 288-1776
Facsimile:   (925) 288-1856

Attorneys for Plaintiff TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWEST PIPE COMPANY, <br><br> Defendants. | CASE NO.:  2:17-cv-1168 <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff Travelers Property Casualty Company of America and, by way of this Complaint against Defendant Northwest Pipe Company hereby alleges as follows:

1.    At all times relevant herein, Plaintiff is, and at all times herein mentioned was, an insurance company, with its principal place of business in Connecticut and authorized to do business in the State of California.

2.    Plaintiff is informed and believes and on that basis alleges that Defendant Northwest Pipe Company is, and at all times herein mentioned was, a corporation, with its principal place of business in Washington and authorized to do

business in the State of California.  Defendant's main corporate office is located at 5721 SE Columbia Way, Suite 200, in Vancouver, WA  98661.  Defendant has plants throughout the United States to manufacture engineered steel pipe water systems, including a plant located at 12351 Rancho Road, Adelanto, CA  92301.

3.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC Section 1332.  The amount of controversy exceeds $75,000.00, exclusive of interests and costs.

4.     Venue is predicated on 28 USC Section 1391(b)(2).  A substantial part of the events or omissions giving rise to the underlying lawsuit occurred, or a substantial part of property that is the subject of the underlying action is situated in the County of San Luis Obispo, which falls within this district, as alleged below.

## I.     THE TRAVELERS POLICY

5.     Plaintiff issued an insurance policy, number Y-660-226D0451-TIL-13, which was in effect from November 1, 2013, to November 1, 2014.  The policy was renewed annually by Plaintiff or one of Plaintiff's affiliated companies.  The Travelers policy was issued to Northwest Pipe Company, located at 5721 SE Columbia Way, Suite 200, Vancouver, WA 98661.

6.     The Insuring Agreement under the Commercial General Liability Coverage Form in the Travelers policy states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

7.     The Travelers policy defines "property damage" as:

> "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

8.  The Travelers policy defines "suit" as:

"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

a.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

9.  The Travelers policy contains limitations of coverage, including but not limited to the Your Product Exclusion, which is identified as Exclusion "k" in the policy; Your Work Exclusion, which is identified as Exclusion "l" in the policy; and Impaired Property Exclusion, which is identified as Exclusion "m" in the policy.

10.  The Travelers policy contains the following conditions: "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

## II.    THE UNDERLYING LAWSUIT

11.  On August 19, 2015, the San Luis Obispo County Flood Control and Water Conservation District (hereinafter "SLO") filed suit against defendants A. Teichert & Son, Inc., dba Teichert Construction.  The underlying lawsuit, case number 15CV-0441, was initially venued in the County of San Luis Obispo.  The underlying action was subsequently transferred to Contra Costa County and assigned

COMPLAINT FOR DECLARATORY RELIEF                    CASE NO.:  2:17-cv-1168

1   case number MSC15-02153.  Northwest Pipe was not named as a party to the action.

2      12. The complaint in the underlying lawsuit alleged "Defendants agreed to

3   procure, handle, inspect and install certain pipelines and related appurtenances" for

4   SLO.  The complaint further alleged that on or about, June 5, 2014, SLO notified

5   Teichert of leakage in the pipeline.  The complaint alleged causes of action for breach

6   of contract, negligence, and breach of express warranty.

7      13. Plaintiff is informed and believes and on that basis alleges that the

8   location of the section of the pipeline that allegedly leaked was located at the

9   Nacimiento River Crossing, which is adjacent to Lake Nacimiento and located within

10   the boundaries of San Luis Obispo County.

11      14. On December 15, 2015, Teichert filed a cross-complaint in the

12   underlying lawsuit.  The cross-complaint named Northwest Pipe as a cross-defendant

13   in the underlying lawsuit.

14      15. The cross-complaint in the underlying lawsuit alleged that on June 28,

15   2008, Teichert and Northwest Pipe entered into an agreement, wherein Northwest

16   Pipe "agreed to supply certain pipe and other materials to the Project."  Teichert

17   alleged that Northwest Pipe was the manufacturer of the section of the pipeline that

18   leaked.

19      16. On or about April 28, 2016, Northwest Pipe provided notice to Travelers

20   that Northwest Pipe was named as a cross-defendant in the underlying lawsuit.

21      17. By letter, dated June 29, 2016, Travelers agreed to defend Northwest

22   Pipe against the cross-action in the underlying lawsuit, under a full reservation of

23   rights.

24      18. By letter, dated September 29, 2016, Northwest Pipe wrote to Travelers

25   and demanded reimbursement/payment of all attorneys' fees incurred by Northwest

26   Pipe since it was first notified in 2014 that its pipe was allegedly leaking.

27      19. Travelers agreed to pay for all legal fees incurred by Northwest Pipe

28   between the date that Northwest Pipe tendered its defense of the cross-action, on or

COMPLAINT FOR DECLARATORY RELIEF     CASE NO.:   2:17-cv-1168

about April 28, 2016, to a reasonable date when Travelers' appointed defense lawyer could transition into the case to represent Northwest Pipe.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief Against Defendant Northwest Pipe)

20.     Plaintiff incorporates by reference paragraphs 1 to 19 as though fully set forth herein.

21.     An actual controversy has arisen and now exists between Plaintiff and the Defendant concerning their respective rights and obligations under the Travelers policy regarding when Travelers' defense obligation to Northwest Pipe accrued.

22.     Plaintiff seeks a declaration that it has no duty pay or reimburse Defendant for any legal fees, incurred in connection with the underlying lawsuit, before April 28, 2016, after Northwest Pipe notified Travelers that it was named as a cross-defendant in the underlying lawsuit.

## SECOND FIRST CLAIM FOR RELIEF

### (Declaratory Relief Against Defendant Northwest Pipe Re Indemnity)

23.     Plaintiff incorporates by reference paragraphs 1 to 22 as though fully set forth herein.

24.     An actual controversy has arisen and now exists between Plaintiff and the Defendant concerning their respective rights and obligations under the Travelers policy regarding Travelers' indemnity obligation owed Northwest Pipe regarding the underlying lawsuit. In particular whether the damages fall within the policy's insuring agreement and/or the extent to which the damages at issue in the underlying lawsuit are excluded under the policy.

25.     Plaintiff seeks a declaration regarding the scope of its indemnity obligation, if any, in connection with the underlying lawsuit.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For a judicial declaration that Plaintiff does not have a duty to defend the Defendant prior to April 28, 2016;

2.    For a judicial declaration regarding the extent of Plaintiff's indemnity obligation, if any;

3.    For an award of Plaintiff's costs in this action; and

4.    For other and further relief as the Court deems just and proper.


DATED:  February 14, 2017                    MORALES FIERRO & REEVES


                                        By: ___/s/ Ramiro Morales_____
                                            RAMIRO MORALES
                                            HENRY SU
                                            Attorneys for Plaintiff TRAVELERS
                                            PROPERTY CASUALTY
                                            COMPANY OF AMERICA

COMPLAINT FOR DECLARATORY RELIEF                    CASE NO.:   2:17-cv-1168